UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GLOW NATURAL HEALTH MINISTRY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 23-cv-01252-LB<br><br>**SCREENING ORDER**<br><br>Re: ECF No. 1 |

The plaintiffs are Juli Anne Mazi and an entity affiliated with her.[1] She represents herself and is proceeding in forma pauperis. Before directing the United States Marshal to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The complaint — which is hundreds of pages with attachments — appears to be an impermissible collateral attack on the criminal conviction. Nonetheless, in case there is anything viable in the attachments, the court allows an opportunity to amend in one document without voluminous attachments.

---

[1] She spells the name differently in the caption, but this way elsewhere, and her criminal case reflects this spelling. Compl. – ECF No. 1; *United States v. Mazi*, No. 22-cr-00036-CRB. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents. Citations are to the ECF of the present case unless the criminal case is specified.

ORDER – No. 23-cv-01252-LB

### 1. Legal Standard

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in

which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made,

unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

### 2. Application

The complaint has 680 pages. It references a tax liability in the first attachment.[2] The plaintiff seems to be suing the United States for $30 million for "false allegations and claims."[3] Possibly that claim arises from her recent conviction for wire fraud and false statements related to healthcare matters, in violation of 18 U.S.C. §§ 1035 and 1343, and the resulting sentence of thirty-three months.[4] The plaintiff may be trying to collaterally attack her conviction.[5] She refers to her tax-exempt ministry and makes some nonsensical statements: for example, that her name is the "perfected proprietary security for the living soul, JULI ANNE MAZI, under the original common law for one hundred (100) years," and that a judgment with her name is without her consent and is subject to her penalty.[6]

The complaint is frivolous: it appears to be an impermissible collateral attack on the criminal conviction. Any challenge to the conviction must be raised on appeal or, after the appeal if appropriate, under 28 U.S.C. § 2255, and cannot be mounted in a civil lawsuit for damages against the United States. Otherwise, there is no plain statement of what the plaintiff wants and why she wants it. The court thus dismisses the complaint.

Because there are so many attachments, and because the plaintiff is proceeding pro se, the court nonetheless gives leave to amend. In any amended complaint, the plaintiff cannot rely on attachments and instead must state her claim and the facts in one document. She must identify each claim and state the specific facts and actors that relate to each claim. She must do so by August 14, 2023. If she does not, the court will reassign the case to a district judge and recommend dismissal of

---

[2] Compl. – ECF No. 1 at 1–2.

[3] *Id.*; Letter – ECF No. 1-1.

[4] Plea Agreement, No. 22-cr-00036-CRB – ECF No. 27; Judgment, *id.* – ECF No. 60.

[5] Letter – ECF No. 1-1; UCC-3 Addendum – ECF No. 1-5 at 14.

[6] Ex. – ECF No. 1-5; Decl. of Copyright – ECF No. 1-4 at 21–23.

ORDER – No. 23-cv-01252-LB                     4

the complaint. Alternatively, again by August 14, 2023, the plaintiff may voluntarily dismiss the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice. If the plaintiff does neither, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case.

**IT IS SO ORDERED.**

Dated: July 2, 2023

_____
LAUREL BEELER
United States Magistrate Judge